# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2011

No. 10-10490
Summary Calendar

Lyle W. Cayce
Clerk

ALLEN DEWAYNE BATES,

Plaintiff - Appellant

v.

JOE L. OROZCO,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-5

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Allen Dewayne Bates appeals the district court's dismissing his 42 U.S.C. § 1983 complaint, with prejudice, by granting Officer Joe L. Orozco's motion for summary judgment. Bates contends the district court erred in ruling that Officer Orozco was entitled to qualified immunity. Bates claims Officer Orozco violated Bates' Fourth Amendment rights because there was no probable cause justifying his initial detention, subsequent searches, and arrest.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10490

A summary judgment is reviewed *de novo*. *E.g.*, *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). When defendant asserts qualified immunity, the court must determine whether plaintiff presents a violation of a statutory or constitutional right and, if he does, "whether that right was 'clearly established' at the time of the defendant's alleged misconduct". *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

Bates fails to show he was subjected to an unlawful detention, search, or arrest. Officer Orozco had articulable facts supporting his reasonable suspicion that justified Bates' initial detention. *See United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) (en banc). Additionally, Officer Orozco's actions following the initial detention were reasonably related to the circumstances justifying it. *See United States v. Brigham*, 382 F.3d 500, 506-07 (5th Cir. 2004). Because Bates did *not* show a violation of the claimed constitutional right, the district court properly granted summary judgment on ruling that Officer Orozco was entitled to qualified immunity. *See Ontiveros*, 564 F.3d at 385.

AFFIRMED.